**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD MUNCH, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-03867-LCJ |
| Plaintiff, | |
| v. | |
| SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, and JOE DEL PRETO, | |
| Defendants. | |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated, | Case No. 1:24-cv-05582-JRB |
| Plaintiff, | |
| v. | |
| SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, and JOE DEL PRETO, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RICHARD MUNCH FOR MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.      FACTUAL BACKGROUND ........................................................................ 2

III.      PROCEDURAL BACKGROUND……………………………………………..4

IV.      ARGUMENT .............................................................................................. 4

       A.      Munch Should be Appointed Lead Plaintiff ........................................... 5

             1.      Munch Filed a Timely Motion ..................................................... 6

             2.      Munch Has the Largest Financial Interest .................................... 7

             3.      Munch Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................. 7

                   a)      Munch's Claims Are Typical ............................................ 8

                   b)      Munch Is an Adequate Representative .......................... 9

       B.      The Court Should Approve Lead Plaintiff's Choice of Counsel ........................... 9

V.      CONCLUSION ........................................................................................... 9

## TABLE OF AUTHORITIES

CASES

*Chandler v. Ulta Beauty, Inc.*, No.,
 18 Civ. 1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018) ........................................................ 8

*De La Fuente v. Stokely-Van Cap, Inc.*,
 713 F.2d 225 (7th Cir. 1983) .................................................................................................... 8

*In re Boeing Co. Aircraft Sec. Litig.*,
 No. 19 Civ. 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019).................................................. 6

*In re Groupon Sec. Litig.*,
 No. 12 Civ. 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012).................................................. 8

*Maiden v. Merge Techs., Inc.*,
 No. 06 Civ. 349, 2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) ................................................ 6

*Takara Trust v. Molex Inc.*,
 229 F.R.D. 577 (N.D. Ill. 2005).................................................................................................. 9

STATUTES

15 U.S.C. § 78u-4 ....................................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B) ................................................................................................ *passim*

RULES

Fed. R. Civ. P. 23 ............................................................................................................. *passim*

Richard Munch ("Munch") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Munch as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Munch's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Sprout Social, Inc. ("Sprout Social" or the "Company") securities between November 2, 2023 and May 2, 2024, inclusive (the "Class Period").[1]

The "PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Munch is the "most adequate plaintiff" as defined by the PSLRA.

Munch believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion,

---

[1] While another plaintiff filed an action expanding the class period to encompass the period of November 3, 2021 to May 2, 2024, *see City of Hollywood Police Officers' Retirement System v. Sprout Social Inc., et al*, Case No. 1:24-cv-05582-JRB, the shorter period alleged in the complaint filed by Munch is better-supported for the purposes of selecting a lead plaintiff.

1

Munch satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Munch respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Munch's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Sprout Social is a software company which develops and operates a web-based social media management platform. The Company's software offers a centralized platform for customers to manage social media outreach, including integrated tools for social engagement, publishing, reporting, and analytics. The Company generates revenue primarily from subscriptions to this social media management platform under a software-as-a-service model. The Company serves multiple customer cohorts, including public relations, influencer marketing, customer service, small-and-medium-sized businesses, as well as mid-market companies, and enterprise customers.

On August 3, 2023, the Company announced it had acquired Tagger Media, Inc. ("Tagger"), a leading influencer marketing and social intelligence platform used by enterprise brands and agencies. On September 27, 2023, the Company announced during its Investor Day that it would be "[a]ccelerating our outbound marketing & sales motion in enterprise" and focusing on mid-market and enterprise leadership.

On May 2, 2024, after the markets closed, Sprout Social announced the Company's operating results for the first fiscal quarter of 2024, disclosing that the Company had missed its revenue guidance for the quarter. The company also revised its full year 2024 revenue guidance downward $20 million. The Company's Chief Financial Officer ("CFO") Joe Del Preto ("Del Preto") stated the Company had "underestimated the magnitude of enterprise seasonality" and that the Company had also been "self-inducing sales execution headwinds." During the earnings call held on the same day, the Company's Present and incoming Chief Executive Officer ("CEO"), Ryan Barretto ("Barretto") disclosed that the Company "made several important strategic decisions heading into Q1" which the Company "thought [it] could manage [] without disruption, but they collectively set us back." Barretto stated these decisions "happened in Q4 and the execution of it happened in Q1." Barretto further disclosed the Company's shift in business had "changed materially" and "affect[ed] revenue recognition and planning" which would now be "heavily weighted to traditional enterprise buying cycles." Justyn Howard ("Howard"), the Company's current CEO, also disclosed that the Company had to spend "energy and calorie" in the first quarter on "tactical decisions" including "spending time with the team on Tagger enablement." Barretto explained further, stating "[f]rom a sales team perspective, the maturity of the sales team, we did a lot of enablement in Q1 across our entire customer-facing or to make sure that we are up to speed with all of the elements of influencer and our Tagger platform."

On this news, Sprout Social's stock price fell $19.33, or 40.1%, to close at $28.82 per share on May 3, 2024, on unusually heavy trading volume.

The Complaint filed in this action alleges that the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's

business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) the Company's sales and revenue growth were not indicative of the Company's growth as it transitioned to an enterprise sales cycle; (2) that the Company faced integration challenges with its acquisition of Tagger; (3) as a result, the Company was "self inducing sales headwinds;" (4) as a result, the Company would revise fiscal year 2024 revenue guidance; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Munch and other members of the class have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On May 13, 2024, Plaintiff Richard Munch, commenced a securities class action against Sprout Social and certain executives captioned *Munch v. Sprout Social. et al*, Case No. 1:24-cv-03867-LCJ (the "*Munch* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of Sprout Social securities between November 2, 2023 and May 2, 2024, inclusive.

On July 2, 2024, Plaintiff City of Hollywood Police Officers' Retirement System filed a related lawsuit captioned *City of Hollywood Police Officers' Retirement System v. Sprout Social Inc., et al*, Case No. 1:24-cv-05582-JRB (the "*Retirement System* Action," and with the *Munch* Action, the "Related Actions"). The *Retirement System* Action purported to expand the class period, alleging claims under the Exchange Act on behalf purchasers of Sprout Social securities between November 3, 2021 and May 2, 2024, inclusive.

4

## IV.     ARGUMENT

### A.      The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve similar subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based, in part, on the same allegedly wrongful course of conduct. Because these actions arise from similar facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.      Munch Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Munch satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Munch has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Munch is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Munch respectfully submits that he should be appointed lead plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### 1. Munch Filed the Complaint and a Timely Motion

Munch filed the initial complaint in this action and has made a timely motion in response to a PSLRA early notice. On May 13, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Motion, Ex. A. Munch had sixty days (until July 12, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Sprout Social securities during the Class Period, Munch is the plaintiff and a member of the proposed

class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his certification, Munch attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Dkt. No. 1-1. Accordingly, Munch satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Munch Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Munch believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Munch purchased Sprout Social securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $22,101.18. *See* Motion, Ex. B. To the best of his knowledge, Munch is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Munch believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Munch Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a) Munch's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Munch's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Munch alleges that Defendants' material misstatements and omissions concerning Sprout Social's business, operations, and financial prospects violated the federal securities laws. Munch, like all members of the class, purchased Sprout Social securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Munch's interests and claims are "typical" of the interests and claims of the class.

8

**b)** **Munch Is an Adequate Representative**

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff and his counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Munch has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Motion, Exhibit B. Munch is not aware of any conflict between his claims and those asserted on behalf of the Class. Munch manages his own investment portfolio and owns a small car dealership. As such, Munch is well-equipped to represent the class.

**C.** **The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Munch has selected Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits, C, D, and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Munch's selection of counsel.

**V.** **CONCLUSION**

For the foregoing reasons, Munch respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Munch as Lead Plaintiff; (3) approving Munch's selection of Glancy Prongay & Murray LLP and Holzer &

Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel for the Class; and (4)

granting such other relief as the Court may deem just and proper.

Dated: July 12, 2024

Respectfully submitted,

By:  s/ *Lori A. Fanning*

Lori A. Fanning
Marvin A. Miller
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604-4174
Telephone: (312) 332-3400
lfanning@millerlawllc.com
mmiller@millerlawllc.com

*Counsel for Richard Munch and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Richard Munch and Proposed Co-Lead Counsel for the Class*

10