**UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD MUNCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, and JOE DEL PRETO, <br><br> Defendants. | Case No.: 1:24-cv-03867 <br><br> Hon. Lindsay C. Jenkins <br><br> <u>CLASS ACTION</u> |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, and JOE DEL PRETO, <br><br> Defendants. | Case No.: 1:24-cv-05582 <br><br> Hon. John Robert Blakey <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BALTIMORE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ................................................................................ 1

II.    SUMMARY OF THE PENDING ACTIONS ................................................... 3

III.   ARGUMENT ................................................................................................ 5

      A.    The Related Actions Should be Consolidated ..........................................5

      B.    The PSLRA Standard for Appointing Lead Plaintiff................................6

      C.    Baltimore Employees Is the "Most Adequate Plaintiff" and Should be

           Appointed Lead Plaintiff..........................................................................7

           1.    Baltimore Employees Has Satisfied the  PSLRA's Procedural

                 Requirements ..................................................................................7

           2.    Baltimore Employees Has the Largest Financial Interest in the

                 Relief Sought by the Class............................................................8

           3.    Baltimore Employees Satisfies Rule 23's  Typicality and

                 Adequacy Requirements ................................................................8

           4.    Baltimore Employees is Precisely the Type of Lead Plaintiff

                 Envisioned by the PSLRA .........................................................11

      D.    The Court Should Approve Baltimore Employees' Selection of Counsel ............12

IV.   CONCLUSION.................................................................................. 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*,
No. 2:20-cv-04534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020) ........................................ 14

*Christakis v. Fifth Third Bancorp*,
No. 1:20-cv-02176, 2020 WL 9720422 (N.D. Ill. June 29, 2020).................................... *passim*

*Grobler v. Inotiv., Inc.*,
No. 4:22-cv-00045, 2022 WL 4181295 (N.D. Ind.) .................................................... 11

*Horowitz v. SunEdison, Inc.*,
No. 4:15-cv-1769, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016)..................................... 1, 8

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 1:19-cv-02394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ............................................ 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................ 11

*In re Robinhood Outage Litig.*,
No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020)....................................... 13

*Mortimer v. Diplomat Pharmacy Inc.*,
No. 1:19-cv-01735, 2019 WL 3252221 (N.D. Ill. July 19, 2019) ............................................ 9

*Taubenfeld v. Career Educ. Corp.*,
No. 03-cv-8884, 2004 WL 554810 (N.D. Ill. Mar. 19, 2004) ..................................... 6

**Statutes**

15 U.S.C. § 78j(b) ............................................................................................................... 3
15 U.S.C. § 78t(a) ............................................................................................................... 3
15 U.S.C. § 78u-4(a) ................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

**Regulations**

17 C.F.R. § 240.10b-5................................................................................................ 3

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ............................... 11
S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ................................................. 11

Proposed Lead Plaintiff the Employees' Retirement System of the City of Baltimore ("Baltimore Employees") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for an order: (1) consolidating the above-captioned Related Actions[1] pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Rule 42"); (2) appointing Baltimore Employees as Lead Plaintiff for a class of all persons and entities that purchased or otherwise acquired securities of Sprout Social, Inc. ("Sprout Social" or the "Company") between November 3, 2021 and May 2, 2024, inclusive (the "Class Period"),[2] and were damaged thereby (the "Class"); (3) approving its selection of Saxena White P.A. ("Saxena White") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class; and (4) granting any such other and further relief as the Court may deem just and proper.

## I.      PRELIMINARY STATEMENT

Baltimore Employees—a sophisticated institutional investor that oversees approximately $2 billion in assets on behalf of its beneficiaries and has significant experience serving as a lead plaintiff—respectfully submits that it is the "most adequate plaintiff" under the PSLRA and

---

[1] The Related Actions are *Munch v. Sprout Social, Inc.*, No. 1:24-cv-03867-LCJ (N.D. Ill. filed May 13, 2024) (the "*Munch* Action"), and *City of Hollywood Police Officers' Retirement System v. Sprout Social, Inc.*, No. 1:24-cv-05582-JRB (N.D. Ill. filed July 2, 2024) (the "*Hollywood Police* Action"). All emphases are added and all citations are omitted herein unless otherwise indicated.

[2] The *Munch* Action was filed on behalf of persons and entities that purchased or otherwise acquired Sprout Social securities between November 2, 2023 and May 2, 2024, inclusive. The *Hollywood Police* Action was filed on behalf of all persons and entities who purchased or otherwise acquired Sprout Social securities between November 3, 2021 and May 2, 2024, inclusive. While the Actions assert different, albeit overlapping, class periods, for purposes of appointing a lead plaintiff, the longest alleged class period governs. *See*, *e.g.*, *Horowitz v. SunEdison, Inc.*, No. 4:15-cv-1769, 2016 WL 1161600, at *3 (E.D. Mo. Mar. 24, 2016) (applying the "most inclusive class period" in determining the largest financial interest).

1

should be appointed Lead Plaintiff on behalf of the Class. Baltimore Employees satisfies all of the prerequisites for lead plaintiff appointment. As set forth below, Baltimore Employees incurred a substantial loss of $598,743 on its purchases of Sprout Social common stock during the Class Period under the prevailing last-in, first-out ("LIFO") loss calculation method. *See* Exhibit A, attached to the Declaration of Carol V. Gilden in Support of Baltimore Employees' Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Gilden Decl."), filed concurrently herewith (PSLRA Certification of Baltimore Employees) and Gilden Decl., Exhibit B (table reflecting calculation of Baltimore Employees' financial loss ("Loss Analysis")). Thus, Baltimore Employees has a substantial financial interest in directing this litigation and recovering the losses suffered by the Class, which includes its members and beneficiaries—an interest believed to be greater than that of any other qualified movant.

Baltimore Employees also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members and it will fairly and adequately represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Baltimore Employees is familiar with the obligations and responsibilities of the Lead Plaintiff, is not subject to any unique defenses, and has the incentive and ability to effectively supervise the prosecution of this litigation in the best interests of the Class. Indeed, the PSLRA's legislative history shows that Baltimore Employees is precisely the type of institutional investor whose participation in securities class actions the PSLRA was meant to foster. In short, Baltimore Employees is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Baltimore Employees also respectfully requests that the Court approve its selection of Saxena White to serve as Lead Counsel, and Cohen Milstein as Liaison Counsel, for the Class. Saxena White, is a nationally recognized and federally certified woman- and minority-owned law firm specializing in representing institutional investors in securities and shareholder litigation. Saxena White has substantial experience and success prosecuting securities class actions and other forms of shareholder litigation in this Circuit and throughout the nation, and the expertise and resources to prosecute litigation of this complexity and scale. Cohen Milstein also has substantial experience and a highly successful track record in securities and other complex litigation in this District, as well as in courts throughout the country, and has an office in Chicago.

## II. SUMMARY OF THE PENDING ACTIONS

The Related Actions allege that Sprout Social and certain of its executive officers (together, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (17 C.F.R. § 240.10b-5), as amended by the PSLRA (15 U.S.C. § 78j(b) and 78t(a)) and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) during the Class Period.

Sprout Social is a software company that offers a centralized platform for businesses to manage social media marketing and operations. The Company is headquartered in Chicago, Illinois, and its stock trades on the Nasdaq Capital Market under the ticker symbol "SPT." Leading up to the Class Period, Sprout Social began to change its business mix, targeting larger, enterprise customers for annual contracts.

Throughout the Class Period, Defendants touted "continued momentum" as the Company transitioned to larger enterprise customers that would sign annual contracts, highlighted the

3

Company's "unique go-to-market strategy," and claimed that "execution from the sales organization has been really strong." In addition, Defendants promoted Sprout Social's $140 million acquisition of influencer marketing and social intelligence platform Tagger Media, Inc. ("Tagger") as part of its strategy to grow its enterprise business.

The Actions allege that Defendants' statements during the Class Period were materially false and/or misleading because they misrepresented and failed to disclose adverse facts pertaining to the Company's business, operations, and prospects that were known to Defendants or recklessly disregarded by them. Specifically, among other things, Defendants made false and/or misleading statements and/or failed to disclose that Sprout Social: (1) did not have the ability to sell its software to enterprise customers; (2) did not execute on its purported go-to-market strategies for enterprise customers; (3) was forced to overpay for Tagger to even satisfy the requirements of enterprise customers and faced integration challenges with Tagger; and (4) as a result of the Company's move "upmarket," the Company was experiencing longer sales cycles, poor pipeline generation, and self-induced sales headwinds.

On August 3, 2023, after the markets closed, the Company announced the Tagger acquisition to address the "critical" increase in demand from enterprise customers for influencer marketing, revealing to the market for the first time Sprout Social's prior inability to provide influencer marketing to meet customer demand. The Tagger acquisition left analysts concerned that Sprout Social had overpaid for Tagger and made the deal "to mask deteriorating growth." On this news, the price of Sprout Social stock declined by $6.57 per share, or 12.3%, to close at $46.81 per share on August 4, 2023.

Then, after the markets closed on May 2, 2024, Sprout Social announced a $20 million downward revision of its 2024 revenue guidance, admitting it had "underestimated the

4

magnitude of enterprise seasonality that now comes with our business mix, while also self-inducing sales execution headwinds," and experienced the "lengthening of [the Company's] sales cycles" and a lagging pipeline resulting from its "go-to-market" strategy. On this news, the price of Sprout Social stock declined by $19.33 per share, or over 40%, to close at $28.82 per share on May 3, 2024.

Defendants' material misrepresentations and omissions, and the revelations thereof, have thus caused Baltimore Employees and the Class to incur substantial damages.

## III.    ARGUMENT

### A.    The Related Actions Should be Consolidated

Two related securities class actions are pending before the Court.[3] The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Rule 42(a) specifies that consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Here, the Related Actions are well-suited for consolidation. Both Actions allege a substantially similar, unlawful, and/or fraudulent scheme relating to similar parties, transactions, and events during overlapping time frames. Both Actions allege that Defendants made materially false and misleading statements and omissions concerning Sprout Social's business and prospects. In addition, because the Related Actions are based on similar facts and involve

---

[3] The *Hollywood Police* Action has been assigned to Judge Blakey. Saxena White, counsel for Hollywood Police, intends to file a motion on behalf of Hollywood Police for reassignment of the case as related to the *Munch* Action and has contacted counsel for plaintiffs and defendants in the *Munch* Action to determine their positions on this motion in accordance with the Court's Case Procedures. Saxena White understands that defense counsel will be advising Saxena White of their position on this motion on Monday, July 15, 2024.

the same subject matter, the same discovery will be relevant to both actions. *See Taubenfeld v. Career Educ. Corp.*, No. 03-cv-8884, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004) (consolidating related securities class actions as doing so "will result in substantial savings of judicial time and effort"). Accordingly, consolidation is appropriate under Rule 42(a) and the PSLRA, and Baltimore Employees respectfully submits that the Related Actions should be consolidated.

### B. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class
> –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3) (B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the movant who: (i) filed a complaint or timely filed a motion to serve as

Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### C. Baltimore Employees Is the "Most Adequate Plaintiff" and Should be Appointed Lead Plaintiff

Baltimore Employees respectfully submits that it is presumptively the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

#### 1. Baltimore Employees Has Satisfied the PSLRA's Procedural Requirements

Pursuant to the PSLRA, the plaintiff in the *Munch* Action caused a notice regarding the pending nature of this case to be published on *BusinessWire*, a widely circulated, national business-oriented news wire service, on May 13, 2024. *See Munch* Notice, Gilden Decl., Ex. C. That notice provided that investors had 60 days from the date of the notice to file a motion for Lead Plaintiff appointment, *i.e.*, on or before July 12, 2024. *Id.* On July 2, 2024, the plaintiff in the *Hollywood Police* Action caused a notice to be published on *GlobeNewswire* specifying the same deadline for the filing of lead plaintiff motions. *See Hollywood Police* Notice, Gilden Decl., Ex. D. Pursuant to the PSLRA, any member of the proposed Class may apply for appointment as Lead Plaintiff within sixty days of the publication of the *Munch* Notice, *i.e.*, on or before July 12, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A). Thus, Baltimore Employees has filed its motion within the required time frame.

### 2. Baltimore Employees Has the Largest Financial Interest in the Relief Sought by the Class

Baltimore Employees should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts routinely look to the movant's financial loss as the most significant factor in assessing its financial interest in an action. *See Christakis v. Fifth Third Bancorp*, No. 1:20-cv-02176, 2020 WL 9720422, at *2 (N.D. Ill. June 29, 2020) (finding movant who "suffered the greatest" loss had the largest financial interest). In assessing financial interest when multiple class periods are pled in related actions, courts consider losses during the most-inclusive Class Period. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 1:19-cv-02394, 2019 WL 6052399, at *3 (N.D. Ill. Nov. 15, 2019) (citing cases); *SunEdison*, 2016 WL 1161600, at *3 (same).

During the Class Period, Baltimore Employees incurred a substantial loss of $598,743 on a LIFO basis on its transactions in Sprout Social stock. *See* Loss Analysis, Gilden Decl., Ex. B. Baltimore Employees is unaware of any other movant seeking appointment as Lead Plaintiff that has a larger financial interest in the outcome of this litigation and also satisfies the typicality and adequacy requirements of Rule 23. Accordingly, Baltimore Employees has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and, because it satisfies the applicable requirements of Rule 23, as discussed below, is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Baltimore Employees Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to requiring the identification of the movant with the largest financial interest, the PSLRA also directs that a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there

8

are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). At this stage of the litigation, however, a movant need only make a "preliminary showing" that they satisfy the typicality and adequacy requirements of Rule 23. *Mortimer v. Diplomat Pharmacy Inc.*, No. 1:19-cv-01735, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019); *see also Fifth Third Bancorp*, 2020 WL 9720422 at *2 ("The typicality and adequacy elements are the relevant Rule 23 factors to the appointment of a lead plaintiff.") (citation omitted).

### a. Baltimore Employees' Claims are Typical of Those of the Class

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality exists where a plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Fifth Third Bancorp*, 2020 WL 9720422, at *2.

Here, the claims of Baltimore Employees and all other Class members arise from the same course of events and are based on the same legal arguments. Like all other Class members, Baltimore Employees: (1) purchased Sprout Social securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby when the truth was revealed. *See id.* at *2 & n.5 (discussing typicality requirement). These shared claims, which arise under a common legal theory and from the same events and course of conduct as those of the balance of Class members, satisfy Rule 23(a)(3)'s typicality requirement. As such, Baltimore Employees' claims are typical of the Class's claims.

### b. Baltimore Employees Will Fairly and Adequately Protect the Interests of the Class

Pursuant to Rule 23(a)(4), a representative party must demonstrate that it "will fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, a prospective lead plaintiff must "(1) have claims that are not antagonistic or in conflict with those of the class, (2) have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) be represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Fifth Third Bancorp*, 2020 WL 9720422, at *2.

Here, Baltimore Employees will fairly and adequately represent the interests of the proposed Class. Baltimore Employees' interests are aligned with those of other Class members and are not antagonistic in any way, and there are no facts to suggest any actual or potential conflict of interest or other antagonism between Baltimore Employees and the other Class members. As an institutional investor with a substantial financial interest in the litigation, Baltimore Employees has the resources and incentive to faithfully represent the Class and vigorously prosecute the litigation. *Fifth Third Bancorp*, 2020 WL 9720422, at *2 (finding pension fund movant was "motivated to diligently pursue the putative class's claims" by the "significant investment [movant] suffered.").

Furthermore, Baltimore Employees has demonstrated its adequacy through its selection of Saxena White as Lead Counsel, and its selection of Cohen Milstein as Liaison Counsel, to represent the Class in this Action. As discussed more fully below, Saxena White and Cohen Milstein are highly qualified and experienced in the area of securities class action litigation. Indeed, Saxena White filed the *Hollywood Police* Action, which expanded the Class Period to encompass additional investors in Sprout Social securities and pled an additional partial disclosure of fraud—steps that benefit of the Class.

10

Accordingly, Baltimore Employees satisfies the Rule 23's adequacy requirement.

### 4. Baltimore Employees is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, Baltimore Employees—a sophisticated institutional investor with a substantial interest in this litigation—is the paradigmatic lead plaintiff Congress sought to encourage to seek a leadership role in securities class actions through the enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). As Congress noted in its PSLRA Statement of Managers Report, the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 24 (1994), *reprinted in* 1995 U.S.C.A.A.N. 730, 737); *see also Grobler v. Inotiv., Inc.*, No. 4:22-cv-00045, 2022 WL 4181295, at *3 (N.D. Ind.) ("The PSLRA was enacted with the explicit hope that institutional investors, who tend to have by far the largest financial stakes in securities litigation, would step forward to represent the class and exercise effective management and supervision of the class lawyers.") (citation omitted).

Baltimore Employees is a public pension fund that provides retirement benefits to approximately 18,000 regular and permanent employees in the general administrative service of the City of Baltimore, Maryland and certain non-teacher employees of the Baltimore City Public School System. Baltimore Employees was established in 1926 and has approximately $2 billion

11

in assets under management.  Baltimore Employees is well aware of the Lead Plaintiff's duties, including the responsibility to oversee and supervise the litigation separate and apart from counsel.  Baltimore Employees' understanding of the duties of a lead plaintiff under the PSLRA is informed by its experience prosecuting *In re FibroGen, Inc. Securities Litigation*, No. 3:21-cv-02623 (N.D. Cal), which recently achieved a $28.5 million recovery for injured investors, with Saxena White serving as lead counsel.  Baltimore Employees also has pledged to "provid[e] testimony at deposition and trial, if necessary."  Certification, Gilden Decl., Ex. A.  Thus, Baltimore Employees is the paradigmatic lead plaintiff as contemplated by the PSLRA.

### D. <u>The Court Should Approve Baltimore Employees' Selection of Counsel</u>

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel for the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "In approving the lead plaintiff's selection of counsel, the court reviews the selection deferentially and will only intervene if it is necessary to protect the interests of the plaintiff class."  *Fifth Third Bancorp*, 2020 WL 9720422 at *3 (citation and internal quotation omitted).  Baltimore Employees respectfully submits that its selection of Saxena White as Lead Counsel for the Class and Cohen Milstein as Liaison Counsel for the Class should be approved.  *See* Gilden Decl., Ex. E (Saxena White Firm Resume) and Ex. F (Cohen Milstein Firm Resume).

Saxena White has extensive experience successfully prosecuting securities class actions as lead counsel, including in this District.  For example, Saxena White, acting as lead counsel, secured a $53.3 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 1:04-cv-07644 (N.D. Ill.).  In addition, Saxena White's track record in securities litigation includes: the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-00990 (D. Del.); the $135 million recovery in *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita, Inc.*, No. 1:17-cv-00304 (D. Colo.); the $73 million recovery in *In re*

12

*Rayonier Inc. Securities Litigation*, No. 3:14-cv-01395 (M.D. Fla.); the $65 million recover in *In re Apache Corp. Securities Litigation*, No. 4:21-cv-00575 (S.D. Tex.) (pending final approval); the $63 million recovery in *Plymouth County Retirement System v. Patterson Cos. Inc.*, No. 0:18-cv-00871 (D. Minn.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-02587 (N.D. Ga.); the $30 million recovery in *In re James River Holdings Ltd. Securities Litigation*, No. 3:21-cv-00444 (E.D. Va.); and the $28 million recovery in *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856 (S.D. Ala.). Saxena White also has achieved significant recoveries through derivative actions, including a settlement valued at $240 million in a derivative action on behalf of Wells Fargo & Company, the largest insurer-funded monetary recovery in a derivative settlement in history. *See In re Wells Fargo & Co. S'holder Deriv. Litig.*, No. 4:16-cv-05541-ST (N.D. Cal.).

By approving Baltimore Employees' choice of Lead Counsel, this Court will also advance the important goal of increasing diversity among class counsel, so that the attorneys leading the case "reflect the diversity of the proposed national class." *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020). As a federally certified woman- and minority-owned firm specializing in representing injured investors as plaintiffs in securities litigation, Saxena White is committed to diversity. For example, Saxena White was selected by the Chief Judge of the Northern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf." *Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*, No. 2:20-cv-04534, 2020 WL 6710429, at *9 (S.D. Ohio Nov. 16, 2020). Saxena White would

staff this litigation with a diverse team of qualified and capable attorneys that reflects the diversity of the Class.

Similarly, Cohen Milstein has a deep bench of talent to assist in this matter and has likewise successfully litigated scores of securities fraud lawsuits, recovering billions of dollars for investors, as well as successfully litigating other types of complex class actions and matters, including in this District. *Chambers USA* and *Legal 500* have consistently recognized Cohen Milstein as a "Top Tier Firm" and "Leading Firm" in Securities Litigation, Antitrust, Product Liability, and Mass Torts. Additionally, Cohen Milstein's securities practice group was recognized by *Law360* as Practice Group of the Year in 2020, 2022, and 2023. Moreover, the National Law Journal recently awarded Cohen Milstein as "Winner – Elite Trial Lawyers – Securities Litigation" for 2024. Cohen Milstein maintains an office in Chicago, and its Resident Partner, Carol Gilden, has decades of experience litigating securities cases in the Northern District of Illinois and in federal courts nationwide.

Accordingly, Saxena White and Cohen Milstein have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured by granting this Motion that the Class will receive the highest caliber of representation. *See Fifth Third Bancorp*, 2020 WL 9720422 at *2 (approving lead plaintiff's selection of lead counsel where counsel "has the necessary competence and experience to vigorously prosecute the litigation on behalf of all the putative class members").

IV.     **CONCLUSION**

For the reasons discussed above, Baltimore Employees respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Baltimore Employees to serve as Lead Plaintiff; (3) approve Baltimore Employees' selection of Saxena White as Lead Counsel and

14

Cohen Milstein as Liaison Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: July 12, 2024                          Respectfully submitted,

*/s/ Carol V. Gilden*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (Bar No. 6185530)
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: (312) 629-3737
Fax: (312) 357-0369
cgilden@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

**SAXENA WHITE P.A.**
Lester R. Hooker (Bar No. 32242)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
lhooker@saxenawhite.com

Rachel A. Avan (*pro hac vice* forthcoming)
Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
ravan@saxenawhite.com
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the Employees' Retirement System of the City of Baltimore, and Proposed Lead Counsel for the Class*

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of July, 2024, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

/s/ Carol V. Gilden
Carol V. Gilden (Bar No. 6185530)

16