UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MUNCH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:24-cv-03867 (Consolidated) |
| Plaintiff, | ) ) | Judge Jeffrey I. Cummings |
| vs. | ) ) ) | <u>CLASS ACTION</u> |
| SPROUT SOCIAL, INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | |

**THE MICHIGAN PENSION FUNDS' RESPONSE TO
COMPETING LEAD PLAINTIFF MOTIONS**

4861-6265-3142.v1

On the statutory deadline, three movants sought appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Richard Munch; (2) the Michigan Laborers' Pension Fund and City of Warren Police and Fire Retirement System and Health Benefits Plan VEBA Trust (the "Michigan Pension Funds"); and (3) Employees' Retirement System of the City of Baltimore ("ERS Baltimore"). *See* ECF 10, 13, 15.

The PSLRA provides that courts are to adopt a presumption that the movant with the largest financial interest in the relief sought by the class is the "most adequate plaintiff" if that movant makes a satisfactory showing that it also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii). A dispute appears to be emerging between Mr. Munch and ERS Baltimore regarding the appropriate class period and the dramatic five-fold expansion to the class period made in the *City of Hollywood* complaint (filed by ERS Baltimore's proposed lead counsel on behalf of a different client) just six business days before the lead plaintiff deadline elapsed. *See* ECF 11 at 1 n.1 (Mr. Munch asserting that "the shorter period alleged in the complaint filed by Munch is better-supported for the purposes of selecting a lead plaintiff.").[1]

While Mr. Munch faces a slight uphill battle in arguing against the *City of Hollywood* class period being used to gauge the movants' financial interests because courts in this District typically find that, absent clear evidence of gamesmanship, the ***longest*** proposed class period is used to measure lead plaintiff movants' financial interests,[2] two facts simply cannot be ignored: (1) the first-

---

[1]    *See Munch v. Sprout Social, Inc.*, No. 1:24-cv-03867, ECF 1 (N.D. Ill. May 13, 2024) (first-filed complaint on behalf of purchasers of Sprout Social, Inc. securities between November 2, 2023 and May 2, 2024); *City of Hollywood Police Officers' Ret. Sys. v. Sprout Social, Inc.*, No. 1:24-cv-05582, ECF 1 (N.D. Ill., July 2, 2024) (second-filed complaint on behalf of purchasers of Sprout Social securities between November 3, ***2021*** and May 2, 2024).

[2]    *Compare Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination") *with In re The Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *3 (N.D. Ill.

- 1 -

4861-6265-3142.v1

filed *Munch* class period – that was the operative period for 7 of the 8 weeks of the notice period – has the strongest allegations regarding defendants' alleged wrongdoing; and (2) ERS Baltimore did not purchase **any** Sprout Social securities (and thus lacks standing to represent class members) in the *Munch* class period.[3]   Stated differently, only by expanding the *Munch* class period by two additional years was counsel for ERS Baltimore able to create a financial interest for its client.

The import of these facts is that while ERS Baltimore did suffer the greatest loss in the class period its counsel tailored specifically to match ERS Baltimore's transactions in Sprout Social stock, ERS Baltimore is subject to the very real risk that if the Court were to adopt the *Munch* class period **at any point** in this litigation, ERS Baltimore would be completely stripped of its standing to sue. *See Born v. Quad/Graphics, Inc.*, 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020) (finding "shorter class period is, on its face, as plausible, if not more plausible, than the longer class period" and, in light of that conclusion, determining that "the Court is exceedingly concerned with Anklis's fitness to represent a class of investors should the *Born* class period prevail").   In other words, ERS Baltimore will **always** be distracted by a unique standing defense.   *See J. H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980) ("The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer."); *Hedick*, 2019 WL 4958238, at *5 n.5 (finding movant is subject to unique trading defenses; concluding "[w]hile the Court takes no position on the merits of these defenses at this time, they render the [movant] incapable of adequately representing the class").

---

Nov. 15, 2019) (adopting longest class period); *Hedick v. The Kraft Heinz Co.*, 2019 WL 4958238, at *5 (N.D. Ill. Oct. 8, 2019).

[3]   ERS Baltimore made its final purchase of Sprout Social shares on August 9, 2023 – three months **before** the start of the *Munch* class period.  *See* ECF 17-1.

4861-6265-3142.v1

To be clear, this is not a situation where ERS Baltimore would have a smaller loss (but would still be typical and adequate, as in the case of the Michigan Pension Funds) if the Court were to adopt the *Munch* class period. Rather, ERS Baltimore would be completely devoid of Article III standing and consequently ineligible for lead plaintiff appointment ***but for*** the last minute expansion of the operative *Munch* class period. By contrast, the Michigan Pension Funds (and Mr. Munch) possess a financial interest in ***both*** proposed class periods:

| **Movant** | **Loss in *Munch* Class Period** | **Loss in *City of Hollywood* Class Period** | **Subject to Unique Defenses In Either Period?** |
|---|---|---|---|
| Mr. Munch | $22,101 | $22,101 | NO |
| Michigan Pension Funds | $8,230 | $370,216 | NO |
| ERS Baltimore | $0 | $598,743 | YES |

Moreover, the Michigan Pension Funds face no risks to their standing or ability to typically and adequately represent the class that defendants could exploit to the class's detriment.

In sum, if the Court is persuaded to adopt the *Munch* class period, ERS Baltimore has no financial interest at all. If the Court is persuaded to adopt the *City of Hollywood* class period, ERS Baltimore is subject to a unique defense that it will lose standing to prosecute the case if, at any stage of the proceedings, the Court adopts the *Munch* class period. In either scenario, ESR Baltimore cannot be appointed lead plaintiff. *See Born*, 2020 WL 994427, at \*2 (declining to appoint movant that was subject to disqualifying unique defenses in one of the two proposed class periods because that movant was "effectively disqualifie[d]" from "representing a class defined by the shorter, *Born* period" and instead appointing an institutional investor that "comes with no such risks").

The Michigan Pension Funds remain ready, willing, and able to fulfill the lead plaintiff role on behalf of the class.

DATED: August 7, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP (Firm No. 56028)
DANIELLE S. MYERS (ILND-GB-5711)


                    s/ Danielle S. Myers
                  DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

WATKINS, PAWLICK, CALATI & PRIFTI, PC
LAUREN CRUMMEL
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
lcrummel@wpcplaw.com

- 4 -

4861-6265-3142.v1

- 5 -

Additional Counsel

4861-6265-3142.v1