**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD MUNCH, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, and JOE DEL PRETO,<br><br>        Defendants. | Case No.: 1:24-cv-03867<br><br>Hon. Jeffrey I. Cummings<br><br><u>CLASS ACTION</u> |
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, and JOE DEL PRETO,<br><br>        Defendants. | Case No.: 1:24-cv-05582<br><br>Hon. Jeffrey I. Cummings<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BALTIMORE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................... 1

II.     ARGUMENT............................................................................................................... 4

        A.      Baltimore Employees Should Be Appointed Lead Plaintiff....................................4

                1.      Baltimore Employees Has the Largest Financial Interest in the
                        Relief Sought by the Class...........................................................................5

                2.      Baltimore Employees Satisfies the Requirements of Rule 23 and Is
                        Entitled to the Most Adequate Plaintiff Presumption ................................6

                3.      The Presumption in Favor of Appointing Baltimore Employees as
                        Lead Plaintiff Cannot Be Rebutted.............................................................8

        B.      The Court Should Approve Baltimore Employees' Selection of Counsel .............9

III.    CONCLUSION.......................................................................................................... 10

i

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Christakis v. Fifth Third Bancorp*,
No. 20-cv-2176, 2020 WL 9720422 (N.D. Ill. June 29, 2020)...........................................*passim*

*Emps.' Ret. Sys. of the City of Baton Rouge v. Aaron's, Inc.*,
283 F. Supp. 3d 1348 (N.D. Ga. 2017) .................................................................................. 3

*Grobler v. Inotiv, Inc.*,
No. 22-cv-45, 2022 WL 4181295 (N.D. Ind. Sept. 12, 2022) .................................................. 5

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004).................................................................................................... 7

*Horowitz v. SunEdison, Inc.*,
No. 15-cv-1769, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016).............................................. 6

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19-cv-2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ........................................... 2, 6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)............................................................................................ 5, 8, 9

*In re Motorola Sec. Litig.*,
No. 03-cv-287, 2003 WL 21673928 (N.D. Ill. July 16, 2003) ................................................ 4

*In re Spero Therapeutics Sec. Litig.*,
No. 22-cv-3125, 2022 WL 4329471 (S.D.N.Y. Sept. 19, 2022) ............................................. 6

*Khan v. ChargePoint Holdings, Inc.*,
No. 23-cv-6172, 2024 WL 2261948 (N.D. Cal. May 16, 2024)............................................... 6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-cv-5368, 2014 WL 2604991 (N.D. Cal. June 10, 2014)............................................... 6

*Mortimer v. Diplomat Pharm. Inc.*,
No. 19-cv-1735, 2019 WL 3252221 (N.D. Ill. July 19, 2019) ........................................*passim*

*Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) ......................................................................................... 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................*passim*

ii

Baltimore Employees respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel, and in opposition to the competing motions. *See* ECF No. 15.[1]

## I. PRELIMINARY STATEMENT

Three competing motions for appointment as Lead Plaintiff pursuant to the PSLRA are pending before this Court.[2] ECF Nos. 10, 13, 15. The PSLRA specifies that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the typicality and adequacy requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With a LIFO loss of $598,743, Baltimore Employees unquestionably has the largest financial interest in this action and is the presumptive Lead Plaintiff. *See Mortimer v. Diplomat Pharm. Inc.*, No. 19-cv-1735, 2019 WL 3252221, at *2 (N.D. Ill. July 19, 2019) (finding "losses suffered [] is most important for determining a moving party's financial interest"). Baltimore Employees' loss is over 52% greater than the claimed losses of the two competing movants *combined*, over 61% greater than the Michigan Funds' claimed loss, and over 27 times greater

---

[1] Motions for consolidation of the *Hollywood Police* Action, No. 24-cv-5582, and the *Munch* Action, No. 24-cv-3867, were filed by Baltimore Employees and the two competing movants: (1) Michigan Laborers' Pension Fund, City of Warren Police and Fire Retirement System, and City of Warren Police and Fire Health Benefits Plan VEBA Trust (together, the "Michigan Funds") (ECF No. 13); and (2) Richard Munch ("Munch") (ECF No. 10). As all movants agreed on consolidation, on July 17, 2024 the Court granted the consolidation motions and forwarded the *Hollywood Police* Action "to the Executive Committee for reassignment as a related case to" the *Munch* Action. ECF No. 19. On July 25, 2024, the Executive Committee reassigned the *Hollywood Police* Action "to the Honorable Jeffrey I Cummings for all further proceedings." ECF No. 20. Defined terms take their meanings from Baltimore Employees' opening brief. ECF No. 16. Internal quotations and citations are omitted, and all emphasis is added unless otherwise noted.

[2] Pursuant to the Court's July 17, 2024 Order, ECF No. 19, counsel for Baltimore Employees sought to confer with respective counsel for the Michigan Funds and Munch, but the competing movants did not reach agreement on lead plaintiff appointment. Counsel for the Michigan Funds did not indicate their position on the lead plaintiff motions and stated that if the Michigan Funds took a position they would file it by August 7, 2024. Counsel for Munch did not respond.

1

than Munch's claimed loss. *Compare* ECF No. 17-2 at 2 *with* ECF No. 13-3 at 2, and 10-2 at 2 (movant loss analyses). Baltimore Employees also has by far the largest financial interest when considering every other financial interest metric evaluated by courts. *Diplomat*, 2019 WL 3252221, at *2 (listing factors courts consider in assessing financial interest). Baltimore Employees purchased significantly more shares of Sprout Social stock on a total and net basis during the operative Class Period[3] and spent $290,705 more than the competing movants combined on those investments, further illustrating Baltimore Employees' superior financial interest in the outcome of this litigation:



---

[3] For purposes of determining the competing movants' financial interests in the Action, the longest Class Period (November 3, 2021 through May 2, 2024) pled in the *Hollywood Police* Action controls. *See, e.g., In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-2394, 2019 WL 6052399, at *3 (N.D. Ill. Nov. 15, 2019) ("The movants' submissions appear to assume that the longer class period . . . is the appropriate period by which to measure their respective financial interests. This is consistent with the approach most courts take.") (collecting cases).

Thus, under any relevant metric, Baltimore Employees indisputably possesses the largest financial interest in this litigation. *See Emps.' Ret. Sys. of the City of Baton Rouge v. Aaron's, Inc.*, 283 F. Supp. 3d 1348, 1350 n.2 (N.D. Ga. 2017) (finding that under the *Lax* factors movant pension fund had the largest financial interest).

Baltimore Employees also unquestionably satisfies the typicality and adequacy requirements of Rule 23, and is well suited to represent all Class members. Baltimore Employees is a sophisticated institutional investor with significant experience serving as lead plaintiff that fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this Action. Baltimore Employees is committed to actively overseeing the prosecution of this litigation and has selected Saxena White and Cohen Milstein—law firms with extensive experience prosecuting securities class actions—to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

Because Baltimore Employees has the largest financial interest in the litigation and has made a prima facie showing of its typicality and adequacy, Baltimore Employees is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Baltimore Employees is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no legitimate grounds to challenge Baltimore Employees' typicality or adequacy to represent the Class.

Accordingly, the Court should grant Baltimore Employees' motion and deny the competing motions.

## II.     ARGUMENT

### A.     Baltimore Employees Should Be Appointed Lead Plaintiff

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. § 78u-4(a)(3)(B)(i).   The PSLRA establishes a strong presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Christakis v. Fifth Third Bancorp*, No. 20-cv-2176, 2020 WL 9720422, at *2 (N.D. Ill. June 29, 2020) (discussing the PSLRA's sequential process for selecting a lead plaintiff).  To trigger this presumption, the movant that has the largest financial interest must also make "a preliminary showing that it satisfies Rule 23's requirements for lead plaintiff purposes."  *Diplomat*, 2019 WL 3252221, at *4.  Once this presumption attaches, it can only be rebutted with "proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Motorola Sec. Litig.*, No. 03-cv-287, 2003 WL 21673928, at *6 (N.D. Ill. July 16, 2003) (appointing presumptive lead plaintiff where competing movants failed to offer "sufficient proof" to rebut the presumption).

Here, the competing movants, the Michigan Funds and Munch, cannot trigger the presumption because they lack the largest financial interest.  In addition, the Michigan Funds and Munch cannot rebut the presumption that Baltimore Employees is the most adequate plaintiff because there is no proof of inadequacy or unique defenses.  Accordingly, Baltimore Employees is entitled to appointment as Lead Plaintiff, and the competing motions should be denied.

### 1. Baltimore Employees Has the Largest Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, the only basis for comparing movants for lead plaintiff appointment is their respective financial interests in the litigation. *See Fifth Third*, 2020 WL 9720422, at *2 (comparing movants based on loss size and beginning evaluation with the movant claiming the largest loss); *Grobler v. Inotiv, Inc.*, No. 22-cv-45, 2022 WL 4181295, at *2 (N.D. Ind. Sept. 12, 2022) (same); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001) (explaining that the analysis of competing lead plaintiff movants established by the PSLRA begins with the movant with the largest financial interest). As reflected below, Baltimore Employees has, without a doubt, the largest financial interest in the relief sought by the Class under any metric considered by courts. *Diplomat*, 2019 WL 3252221, at *2 (explaining that to determine which movant has the largest financial interest, "most courts consider" the *Lax* factors, including: (1) the total number of shares purchased; (2) the number of net shares purchased (offsetting total shares purchased with shares sold); (3) the net funds expended (offsetting expenditures on shares purchased with proceeds received from sales); and (4) the approximate losses suffered).

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Claimed Loss |
|---|---|---|---|---|
| **Baltimore Employees** | **22,946** | **17,218** | **$1,095,234** | **$598,743** |
| Michigan Funds | 13,836 | 12,923 | $758,707 | $370,216 |
| Munch | 727 | 727 | $45,821 | $22,101 |

As reflected above and in its submissions to the Court, Baltimore Employees sustained a LIFO loss of approximately $598,743—52% greater than both competing movants' claimed losses combined, 61% greater than the Michigan Funds' claimed loss, and 27 times greater than Munch's claimed loss—on its transactions in Sprout Social securities in the operative Class Period pending

5

before this Court.[4]  *Compare* ECF No. 17-2 at 2 *with* ECF No. 13-3 at 2, and 10-2 at 2 (movant

loss analyses).  Because financial interest is the determinative factor in establishing the order in

which lead plaintiff movants are to be considered, the Michigan Funds and Munch cannot trigger

the presumption.  *See*, *e.g.*, *Fifth Third*, 2020 WL 9720422 at *2 (determining movant had the

largest financial interest where no other movant "suffered [its] magnitude of loss").  Accordingly,

there can be no credible dispute that Baltimore Employees has "the largest financial interest in the

relief sought by the class" and is entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(bb).

### 2. Baltimore Employees Satisfies the Requirements of Rule 23 and Is Entitled to the Most Adequate Plaintiff Presumption

In addition to possessing the largest financial interest in the relief sought by the Class,

Baltimore Employees also satisfies the typicality and adequacy requirements of Rule 23.  At the

lead plaintiff stage, a movant must make only a "preliminary showing" that it satisfies Rule 23's

typicality and adequacy requirements.  *Diplomat*, 2019 WL 3252221, at *4.  As demonstrated in

its opening brief, Baltimore Employees satisfies both requirements.  *See* ECF No. 16 at 9-11.

---

[4] While seemingly acknowledging that the *Hollywood Police* Action expanded the Class Period to November 3, 2021 through May 2, 2024, Munch nonetheless argues—without citing a single authority—that the shorter class period alleged in his first-filed *Munch* Action "is better-supported for the purposes of selecting a lead plaintiff."  ECF No. 11 at 4 n.1.  This is not the standard.  It is well-settled in this District and throughout the nation that where multiple related actions allege overlapping class periods, courts use the longest, most-inclusive class period in determining the movant with the largest financial interest.  *See*, *e.g.*, *Boeing* 2019 WL 6052399, at *3 (collecting cases); *Horowitz v. SunEdison, Inc.*, No. 15-cv-1769, 2016 WL 1161600, at *3 (E.D. Mo. Mar. 24, 2016) (same); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-5368, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) (same); *In re Spero Therapeutics Sec. Litig.*, No. 22-cv-3125, 2022 WL 4329471, at *5 (S.D.N.Y. Sept. 19, 2022) (same).  Indeed, the Michigan Funds also recognize—both in their opening brief (ECF No. 14 at 6-9) and their claimed loss calculation (ECF No. 13-3 at 2)—that the longer Class Period pled in the *Hollywood Police* Action controls.  *See Khan v. ChargePoint Holdings, Inc.*, No. 23-cv-6172, 2024 WL 2261948, at *2 (N.D. Cal. May 16, 2024) (finding use of longer proposed class period by competing movants supports its use for evaluating financial interest).  The use of the longer Class Period by a competing movant also demonstrates that adequate notice was provided to Class members of the longer Class Period.

Baltimore Employees satisfies the typicality requirement because its claims against Defendants arise from the same events that give rise to the claims of other Class members and are based on the same legal theories. *See Fifth Third*, 2020 WL 9720422, at \*2 (typicality is satisfied if a plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theories"). Indeed, given Baltimore Employees purchased and held Sprout Social stock throughout the Class Period—from as early as December 2021 through as late as August 2023—Baltimore Employees' claims are indisputably typical of other Class members, and there can be no question that Baltimore Employees has a strong incentive to prosecute misstatements during the entire Class Period.

Baltimore Employees also satisfies Rule 23's adequacy requirement because its interests are aligned with those of other members of the Class who suffered similar harm as a result of Defendants' alleged wrongdoing, and no antagonism exists between Baltimore Employees' interests and the interests of other Class members. *See Fifth Third*, 2020 WL 9720422, at \*2 (finding the adequacy requirement satisfied where movant had "no conflict of interest between their claims and those of the class"). As discussed above, Baltimore Employees clearly has a substantial financial interest in the outcome of this litigation that provides Baltimore Employees with the incentive to ensure the vigorous prosecution of this case. *See id.* (noting that pension fund movant is "motivated to diligently pursue the putative class'[] claims based on the significant investment losses they have suffered") (alteration in the original).[5]

Moreover, as a sophisticated public pension fund, Baltimore Employees is the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA. *See Diplomat*, 2019 WL

---

[5] *See also Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action.").

7

3252221, at *2 (noting that the PSLRA's provisions aim to "increase the likelihood that institutional investors will serve as lead plaintiffs"). Baltimore Employees' understanding of the requirements of the PSLRA are further informed by its experience successfully serving as a lead plaintiff. *See* ECF No. 16 at 16. Thus, like the many institutional investors that are regularly appointed to serve as sole lead plaintiff in securities class actions, Baltimore Employees has the incentive, ability, and experience to serve as sole Lead Plaintiff here, including by supervising and monitoring counsel. *See*, *e.g.*, *Diplomat*, 2019 WL 3252221, at *2 (appointing pension fund as sole lead plaintiff over opposition from competing individual).

Baltimore Employees has further demonstrated its adequacy through its selection of Saxena White as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. *See Fifth Third*, 2020 WL 9720422, at *2 (finding movant's adequacy demonstrated by retaining counsel with "the necessary competence and experience to vigorously prosecute the litigation on behalf of all the putative class members"). Saxena White and Cohen Milstein are experienced in prosecuting securities class actions and highly capable of managing complex litigation effectively. *See* ECF Nos. 17-5 and 17-6; *see also Cendant*, 264 F.3d at 265 ("[O]ne of the best ways for a court to ensure that [a lead plaintiff movant] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel").

Accordingly, Baltimore Employees has demonstrated that it is entitled to the presumption that it is the most adequate plaintiff.

### 3. The Presumption in Favor of Appointing Baltimore Employees as Lead Plaintiff Cannot Be Rebutted

To overcome the strong presumption entitling Baltimore Employees to appointment as Lead Plaintiff, the PSLRA requires that the competing movants present "proof" that Baltimore

Employees is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 623 (E.D. Wis. 2009) ("Once the court identifies the presumptive lead plaintiff, that person must be named lead plaintiff unless a member of the purported plaintiff class supplies proof that the presumptive lead plaintiff [is inadequate]."). No such proof exists. Consequently, because Baltimore Employees is the presumptive Lead Plaintiff, the Court should deny the competing motions.

**B.      The Court Should Approve Baltimore Employees' Selection of Counsel**

The PSLRA empowers the Lead Plaintiff to select and retain counsel for the Class, subject to the Court's approval. "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Cendant*, 264 F.3d at 274; *see also Fifth Third*, 2020 WL 9720422, at *3 ("In approving the lead plaintiff's selection of counsel, the court review[s] the selection deferentially and [will] only intervene if it is necessary to protect the interests of the plaintiff class.") (alterations in the original).

Baltimore Employees has selected Saxena White as proposed Lead Counsel and Cohen Milstein as proposed Liaison Counsel for the Class. Saxena White and Cohen Milstein are among the preeminent securities class action law firms in the country and have achieved substantial recoveries on behalf of investors in securities class actions and have obtained groundbreaking corporate governance reforms. *See* ECF No. 16 at 16-18. Saxena White and Cohen Milstein have long histories of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases litigated in this District, and are eminently qualified to represent the Class in this action. *See* ECF Nos. 17-5 and 17-6. Saxena White has demonstrated its commitment to representing the Class's interests by investigating the allegations against Sprout Social and, as a result, filing the *Hollywood Police* Action, which expanded the Class Period and includes a previously unalleged disclosure of fraud. ECF No. 16 at 8, 14.

9

Accordingly, the Court should approve Baltimore Employees' selection of Saxena White as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

## III.   CONCLUSION

The PSLRA has established that the investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the most adequate plaintiff presumption.  The competing movants do not possess the largest financial interest and, therefore, cannot trigger the presumption, nor can they rebut with proof the presumption that Baltimore Employees is the most adequate plaintiff.  Accordingly, Baltimore Employees respectfully submits that its motion should be granted, and the Michigan Funds' and Munch's competing motions should be denied.

Dated: August 7, 2024

Respectfully submitted,

*/s/  Carol V. Gilden*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (Bar No. 6185530)
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: (312) 629-3737
Fax: (312) 357-0369
Email: cgilden@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

**SAXENA WHITE P.A.**
Lester R. Hooker (Bar No. 32242)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
Email: lhooker@saxenawhite.com

-and-

Rachel A. Avan (*pro hac vice* forthcoming)
Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606

10

Tel.: (914) 437-8551
Fax: (888) 631-3611
Email: ravan@saxenawhite.com
      mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Employees'*
*Retirement System of the City of Baltimore, and*
*Proposed Lead Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ Carol V. Gilden*
Carol V. Gilden (Bar No. 6185530)

12