**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BALTIMORE, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPROUT SOCIAL, INC., JUSTYN HOWARD, RYAN BARRETTO, JOE DEL PRETO, and JASON RECHEL,<br><br>Defendants. | No. 1:24-cv-03867<br><br>Hon. Jeffrey I. Cummings<br><br><u>CLASS ACTION</u> |

**JOINT STATUS REPORT AND [PROPOSED] DISCOVERY**
**<u>AND PRETRIAL SCHEDULE</u>**

Lead Plaintiff Employees' Retirement System of the City of Baltimore ("Plaintiff"), and Defendants Sprout Social, Inc. ("Sprout"), Justyn Howard, Ryan Barretto, Joe Del Preto, and Jason Rechel (collectively, "Defendants," and together with Plaintiff, the "Parties"), submit this Joint Status Report and [Proposed] Discovery and Pretrial Schedule in accordance with the Court's October 6, 2026 Memorandum Opinion and Order (ECF 65 at 59), and state as follows:

1. This is a securities class action brought on behalf of all persons and entities who purchased Sprout securities between September 22, 2021 and May 2, 2024, inclusive, and were allegedly damaged thereby. The operative Complaint (ECF 40, the "Complaint") was filed on January 24, 2025, and alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.

2. On March 25, 2025, Defendants filed a motion to dismiss the Complaint. ECF 47. All discovery in this action had been stayed pending resolution of Defendants' motion to dismiss. *See* ECF 35; 15 U.S.C. §78u-4 *et seq*. On October 6, 2026, the Court denied Defendants' motion to dismiss, ruled that "[t]he stay on discovery is lifted," and directed the Parties to "file a joint status report setting forth a proposed schedule for the completion of fact and expert discovery and providing an update on the status of their settlement negotiations." ECF 65 at 59.

3. On November 4, 2026, counsel for the Parties conferred by telephone under Fed. R. Civ. P. 26(f), and had additional discussions via email over the following days. The Parties have reached agreement on a proposed schedule, other than the proposed schedule for briefing of Plaintiff's forthcoming class certification motion, and respectfully submit the following proposed discovery and pretrial schedule, with Defendants' and Plaintiff's respective proposed dates for class certification briefing:

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures Served | November 20, 2026 |
| Parties to Submit Proposed Confidentiality Order to the Court | November 24, 2026 |
| Deadline For Parties To Reach Agreement On ESI Protocol | December 16, 2026 |
| Defendants to Answer Complaint | December 11, 2026 |
| Deadline to Begin Rolling Document Productions | January 15, 2027 |
| Parties Meet and Confer Regarding Scheduling Mediation | April 1, 2027 |
| Deadline for Substantial Completion of Parties' Document Productions[1] | July 15, 2027 |
| Motion for Class Certification | Plaintiff's Proposal: July 23, 2027<br><br>Defendants' Proposal: March 1, 2027 |
| Response to Motion for Class Certification | Plaintiff's Proposal: September 10, 2027<br><br>Defendants' Proposal: May 6, 2027 |
| Reply in Further Support of Class Certification | Plaintiff's Proposal: October 26, 2027<br><br>Defendants' Proposal: June 7, 2027 |
| Deadline To File Motion for Leave To Amend The Complaint | July 20, 2027 |
| Close of Fact Discovery | December 1, 2027 |
| Expert Reports and Disclosures of Party Bearing the Burden of Proof Served | January 21, 2028 |
| Rebuttal Expert Reports Served | March 14, 2028 |
| Reply Expert Reports Served | April 18, 2028 |
| Close of Expert Discovery | May 31, 2028 |

4. Regarding class certification briefing, the Parties' positions are as follows:

**Plaintiff's Position:** Plaintiff proposes that its motion for class certification follow substantial completion of document production. To the extent Defendants contest market efficiency, price impact, or Plaintiff's damages methodology, documents bearing on those issues may be relevant to Plaintiff's motion and reply, and are largely within Defendants' possession. Briefing after those documents are produced will allow the Parties and the Court to address class certification on a

[1] The Parties agree that document productions will be made on a rolling basis prior to the Deadline for Substantial Completion of Parties' Document Productions.

complete record. Defendants contend that Plaintiff has failed to identify specific discovery needed for its class certification motion, but Plaintiff cannot do so before it has received any documents from Defendants or seen their arguments.

Defendants contend that class certification issues *necessarily* turn only on public information. That is incorrect. *See, e.g., In re NVIDIA Corp. Sec. Litig.*, 825 F. Supp. 3d 1047, 1087–88 (N.D. Cal. 2026) (internal email relevant to price impact); *In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 137–38 (S.D.N.Y. 2019) (similar); *see also Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113 (2021) (requiring consideration of all evidence relevant to price impact); *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 610 (7th Cir. 2020) (price impact "may broaden the scope of discovery available at certification.") (internal quotation omitted).[2]

Rule 23 supports Plaintiff's approach. The 2003 amendment adopted the "early practicable time" standard to accommodate necessary discovery. The accompanying Committee Note cautions against the very "artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery'" that would be created by Defendants' proposal (below) that Plaintiff "prioritize early, limited discovery relevant to anticipated class certification issues."

Finally, Plaintiff's proposed schedule would not prejudice Defendants. The discovery Defendants describe as "massive and costly" will proceed on the Parties' agreed schedule regardless of when Plaintiff moves. Plaintiff's proposed schedule is both reasonable and consistent

[2] Defendants (below) cite three of Lead Counsel's recent opening class certification *expert reports* that "do not cite any documents produced by defendants in support of class certification." However, Lead Counsel's opening class certification *brief* in *In re Walgreens Boots Alliance, Inc. Sec. Litig*, Case No. 24-cv-05907 (N.D. Ill.) (ECF 130) cites internal documents produced by defendants, and Lead Counsel and their experts have cited internal documents in numerous cases. Furthermore, while plaintiffs' opening brief in *Walgreens* was filed before substantial completion, the court later extended the deadline for plaintiffs' class certification reply to two months after substantial completion "in light of the many pending discovery disputes" between the parties, emphasizing the relevance of discovery. *See* Case No. 24-cv-05907 (N.D. Ill.) (ECF 175).

with class certification schedules in comparable securities class actions. *See, e.g., Allison v. Oak St. Health, Inc.*, No. 1:22-cv-00149, ECF No. 76 (N.D. Ill. Feb. 25, 2023) (minute entry order in PSLRA class action setting class certification motion two weeks after substantial completion).[3]

**Defendants' Position:** Defendants' proposed class certification schedule strikes the appropriate balance reflected in Rule 23: early gatekeeping informed by controlled discovery limited to the issues relevant to class certification. Rule 23(c)(1)(A) instructs that class certification must be decided "[a]t an early practicable time after a person sues … as a class representative." The Committee Notes (2003 Amendment) further reinforce that "it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis." Here, Plaintiff has not articulated what document discovery it needs for class certification, let alone justified the need to substantially complete document production on *all* merits issues. Plaintiff correctly identifies the issues most likely to be contested at class certification: efficiency, price impact, or Plaintiff's proposed class-wide damages methodology. *See In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 608-09 (7th Cir. 2020) (explaining that at class certification, defendants may rebut the *Basic* presumption of reliance by showing that the alleged misrepresentations did not affect the stock price). But Plaintiff loses the plot by insisting it needs "Defendants' internal communications" to adequately brief those issues. Specifically, "market efficiency" and "price impact" depend on *public* information about how the Company's stock price related to specific pieces of information. Plaintiff does not need Defendants' internal communications and other documents to conduct those analyses. Likewise, "Plaintiff's classwide

---

[3] Plaintiff's proposal also affords 49 days for Defendants' opposition and 46 days for Plaintiff's reply, which is consistent with the fact that class certification replies often must address issues raised for the first time in oppositions, such as challenges to market efficiency, price impact, and Plaintiff's damages methodology. By contrast, Defendants' proposal affords them 66 days to respond to Plaintiff's motion, while granting Plaintiff only 32 days to reply.

damages methodology" depends on *Plaintiff's theory of liability* and requires *Plaintiff's expert* to propose a methodology that measures classwide damages consistent with that methodology. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) (internal quotation marks omitted) (explaining that "at the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case"). This, too, does not require *Defendants'* internal documents at the class certification stage. Indeed, recent opening expert reports submitted by Plaintiff's counsel at the same stage on the same issues do not cite any documents produced by defendants in support of class certification. *See, e.g.*, *In re Knowbe4, Inc. Sec. Litig.*, Case No. 25-cv-22574 (S.D. Fla.) (Dkt. 159-4) (filed May 2026); *In re Walgreens Boots Alliance, Inc. Sec. Litig*, Case No. 24-cv-05907 (N.D. Ill.) (Dkt. 130-2) (filed July 2026); *In re The Scotts Miracle-Gro Co. Sec. Litig.*, Case No. 24-cv-03132 (S.D. Ohio) (Dkt. 92-2) (filed Oct. 2026). In *Walgreens*, Plaintiff notes that its counsel's *brief* cited internal documents, but there, counsel admitted that it had only "minimal discovery," which highlights why Plaintiff does not need the full discovery it seeks here before filing its motion for class certification. Case No. 24-cv-05907 (N.D. Ill.) (Dkt. 130 at 2).

Rule 23 requires early consideration of class certification for good reason. Under Plaintiff's deferred schedule, the parties will engage in months of massive and costly document production and written discovery before Plaintiff even files its class certification motion; the parties will be well underway with fact depositions by the time the parties complete class certification briefing; and indeed, they may even be well into merits expert discovery before the Court decides whether a certifiable class exists. In contrast, under Defendants' proposed schedule, Plaintiff has plenty of time to prioritize early, limited discovery relevant to anticipated class certification issues. To the extent Plaintiff believes it needs additional time to reply, Defendants

are willing to consider that. Plaintiff's claim of prejudice is speculative, while the prejudice to Defendants for allowing such deferral is significant and concrete.

5. As reflected in the proposed schedule, the Parties are working to prepare a joint proposed confidentiality order to be submitted for the Court's approval in the near term. The Parties are likewise negotiating and anticipate entering into an agreement regarding the discovery of electronically stored information. The Parties also have agreed to continue to confer as they engage in document discovery on any changes to limitations on the number of depositions and interrogatories imposed by the Federal Rules of Civil Procedure, and, if a resolution cannot be reached, they will file a motion with the Court at such time.

6. Regarding the status of settlement negotiations, the Parties state that they have not engaged in settlement discussions to date. The Parties have agreed to meet and confer by April 1, 2027 regarding scheduling a mediation.

7. The Parties will be prepared to discuss the proposed schedule, and any other matters, at the status hearing set for November 19, 2026.

Dated: November 10, 2026

Respectfully submitted,

SAXENA WHITE P.A.

*/s/ Steven B. Singer*
Steven B. Singer
Joshua H. Saltzman (*pro hac vice*)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Email: ssinger@saxenawhite.com
jsaltzman@saxenawhite.com

-and-

SAXENA WHITE P.A.
David R. Kaplan (*pro hac vice*)
505 Lomas Santa Fe Dr., Suite 180

Solana Beach, CA 92075
Tel.: (858) 997-0860
Email: dkaplan@saxenawhite.com

-and-

SAXENA WHITE P.A.
Lester R. Hooker
Jonathan Lamet (*pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Email: lhooker@saxenawhite.com
jlamet@saxenawhite.com

*Lead Counsel for Lead Plaintiff*

COHEN MILSTEIN SELLERS & TOLL LLP
Carol V. Gilden (Bar No. 6185530)
200 S. Wacker Drive Suite 2375
Chicago, IL 60606
Tel.: (312) 629-3737
Email: cgilden@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff*

Dated: November 10, 2026

WINSTON TAYLOR LLP

*/s/ Dane Drobny*
Dane Drobny
300 N. LaSalle Drive, Suite 4400
Chicago, IL 60654
Tel.: (312) 558-7332
Email: dane.drobny@winstontaylor.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court and served on all counsel of record via CM/ECF on November 10, 2026.

*/s/ Joshua H. Saltzman*
Joshua H. Saltzman